IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE MARIE POWE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 01-D-566-N |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

In this action, the *pro se* plaintiff complains that her constitutional rights as well as the rights of all United States citizens have been violated by the United States because the United States is unlawfully maintaining the United States Coast Guard as a militia. The plaintiff claims that the Coast Guard is an unlawful militia because it is operated under the auspices of the Department of Transportation instead of the Department of Defense.[1]

The defendant has filed a motion to dismiss to which the plaintiff has responded. The court held oral argument on the motion. Upon consideration of the pleadings in this case and the argument, the court concludes that the defendant's motion to dismiss is due be granted.

### STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.

---

[1] The court has distilled this claim based on its review of the plaintiff's complaint and other pleadings, which are hardly models of clarity, as well as the plaintiff's representation on June 19, 2001.



DEFENDANT'S EXHIBIT
CASE NO. 05-cv-1140-WKW
EXHIBIT NO. 5



1994); *Wymbs v. Republican State Executive Committee*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990). FED.R.CIV.P. 12(h)(3) requires that "[w]herever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction, the court shall dismiss the action."

Pursuant to FED. R. CIV. P. 12(b)(1), the defendant has filed a motion to dismiss challenging the district court's subject matter jurisdiction.[2] To survive the motion to dismiss, the plaintiff must allege a sufficient basis for the court to determine that it has subject matter jurisdiction over this action. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam); *Hayden v. Blue Cross & Blue Shield of Alabama*, 855 F.Supp. 344, 347 (M.D.Ala.1994).

## DISCUSSION

Because the plaintiff alleges no coherent facts in her complaint, the court relies on the plaintiff's representations at oral argument. The plaintiff asserts that the Department of

---

[2] The defendant also asserts sovereign immunity and failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6) as grounds to dismiss the complaint. However, because the court concludes that it lacks subject matter jurisdiction to hear this matter, the court declines to address these grounds.

Transportation is illegally maintaining an militia by operating the United States Coast Guard. She contends that the Coast Guard should be operated by the Department of Defense, and she asserts a claim for damages on behalf of herself and all other citizens of the United States. The plaintiff admits that she has never been in the Coast Guard; she has never applied for employment with the Coast Guard; and she has no relationship at all with the Coast Guard. She asserts that she can maintain this action simply because she is a citizen attempting to remedy what she perceives is a violation of federal law.

> It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy. *Flast v. Cohen*, 392 U.S. 83, 94-101, 88 S.Ct. 1942, 1949-1953, 20 L.Ed.2d 947 (1968); *Jenkins v. McKeithen*, 395 U.S. 411, 421-425, 89 S.Ct. 1843, 1848-1850, 23 L.Ed.2d 404 (1969) (opinion of MARSHALL, J.). Plaintiffs must demonstrate a "personal stake in the outcome" in order to "assure that concrete adverseness which sharpens the presentation of issues" necessary for the proper resolution of constitutional questions. *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Abstract injury is not enough. The plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 109-110, 89 S.Ct. 956, 960, 22 L.Ed.2d 113 (1969); *United Public Workers v. Mitchell*, 330 U.S. 75, 89-91, 67 S.Ct. 556, 564-565, 91 L.Ed. 754 (1947); *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); *Massachusetts v. Mellon*, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923).

*City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).

The plaintiff has alleged no facts that would demonstrate that an actual case or controversy exists nor has she alleged any facts that would demonstrate that she has a personal stake in the outcome of this litigation. Moreover, she has alleged no facts that would demonstrate she has suffered some injury as a result of the Coast Guard being under

the jurisdiction of the Department of Transportation instead of the Department of Defense. Because the plaintiff has failed to allege sufficient facts to invoke the jurisdiction of the court, the court concludes that it is without subject matter jurisdiction and the defendant's motion to dismiss is due to be granted.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss be granted and the plaintiff's motion to deny the motion to dismiss be denied.

Done this 30th day of July, 2001.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

CIVIL ACTION NO. 01-D-566-N

## ORDER

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve by mail a copy thereof on the parties to this action. The parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982). See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982). See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2001.

CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE