FILED
AUG 2 0 2003
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOYCE MARIE POWE, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 03-F-0796-N
)
U. S. DEPARTMENT OF THE NAVY, )
)
Defendant. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Proceeding *pro se*, Joyce Marie Powe ("Plaintiff"), initiated this action against the United States Department of the Navy ("Defendant"), asserting her entitlement to "payments" of an unspecified character or alternatively, an enlistment in the Naval Reserve. As herein explained, the Magistrate Judge concludes, *sua sponte*, that Plaintiff's complaint is due to be **DISMISSED** for lack of subject matter jurisdiction.

### I. FACTUAL BACKGROUND

Though her eight-paragraph complaint lacks any clarity or coherence sufficient to discern the intended basis in fact or law, Plaintiff alleges the following in paragraphs one and seven as the apparent basis for federal jurisdiction:

> The U.S. Department of The Navy, Defendant, Has Not Paid Myself, Ms. Joyce Marie Powe, A.S. Plaintiff, Regarding The U.S. Coast Guard, Including Offices, Employee, Etc., Is Not an U.S. Department of Defense Division, Office, Etc., (Plaintiff Owned an Oral Argument Ruling (PARAGRAPH SIX), Within Which, Plaintiff Respectively Stated of Plaintiff and Each U.S. Citizens' Payments Due.
>
> MY, MS. JOYCE MARIE POWE, A.S., PLAINTIFF'S MOTION FOR OWNERSHIP OF RELIEF IN THE ALTERNATIVE. Because, I, Ms. Joyce Marie Powe, A.S., filed This U.S. District Court, Middle District of Alabama, Montgomery Alabama ... Complaint in PARAGRAPH ONE, Because The U.S. Coast Guard, Including Offices, Employees, Etc., Is Not An U.S. Department Defense Division,



DEFENDANT'S EXHIBIT
CASE NO. 05-cv-1140-WKW
EXHIBIT NO. 6

Office, Etc., Because, I, Ms. Joyce Marie Powe, A.S., Plaintiff, Owned an Oral Argument Ruling In U.S. District Court, Middle District of Alabama Civil Lawsuit Number 01-D-566-N, Within Which, Plaintiff Respectively Stated of Myself and Each U.S. Citizen Were Due Payments, I, MS. JOYCE MARIE, A.S., PLAINTIFF, MOTION REQUESTING OWNERSHIP OF (PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE: RULE 8(a)) RELIEF IN THE ALTERNATIVE: U.S. NAVAL RESERVE ENLISTMENT:

## II. DISCUSSION

### A. Necessary Jurisdictional Inquiry

Because the federal court is a court of limited of jurisdiction, it is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Accordingly, this court must examine the complaint to determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." *Univ. of South Ala. v. American Tobacco,* 168 F.3d 405, 410 (11th Cir.1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." *Kokkonen,* 511 U.S. at 377.

"Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper ... when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." ' *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998), *quoting Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666 (1974). "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

### B. No Subject Matter Jurisdiction

It is apparent that Plaintiff has failed to plead any basis for the exercise of federal subject matter jurisdiction. Plaintiff appears to claim – without reference to any statutory or other authority – that she is due, as a United States citizen, either unspecified payments from the United States Coast Guard or an enlistment in the Naval Reserve because the Coast Guard is not aligned as a unit of the Department of Defense. Those allegations neither present any substantial federal question nor demonstrate Plaintiff's standing to assert them.[1]

Moreover, it appears that this complaint relies on the identical factual predicate rejected previously by this Court as jurisdictionally deficient in *Powe v. United States Department of Transportation*, Civil Action No. 01-D-566-N (M.D. Ala. filed Sept. 19, 2001). Dismissed for lack of subject matter jurisdiction, Plaintiff's lawsuit in 2001 sought damages for herself and all other citizens of the United States based on her assertion that the Department of Transportation illegally maintained a militia by operating the United States Coast Guard.[2]

---

[1] *See Wyke v. Polk County School Bd.*, 129 F.3d 560, 566 (11th Cir. 1997),*citing Hagans v. Lavine*, 415 U.S. 528, 537 (1974)(stating "[a]bsent diversity of citizenship, a plaintiff must present a 'substantial' federal question in order to invoke the district court's jurisdiction"); *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127( 1974), *quoting Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936)("[I]n order for a claim to arise 'under the Constitution, laws, or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.") ; *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)("The plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged official conduct and the injury or threat of injury must be both "real and immediate," not "conjectural" or "hypothetical." )

[2] In recommending dismissal of the former action on Defendants' motion, Magistrate Judge Charles S. Coody wrote, in relevant part:

> The plaintiff admits that she has never been in the Coast Guard; she has never applied for employment with the Coast Guard; and she has no relationship at all with the Coast Guard. She asserts that she can maintain this action simply because she is a citizen attempting to remedy what she perceives is a violation of federal law. ...
>
> The Plaintiff has alleged no facts that would demonstrate that an actual case or controversy exists nor has she alleged any facts that would demonstrate that she has a personal stake in

(continued...)

-3-

## III. CONCLUSION

Because Plaintiff has failed to assert any proper basis for federal subject matter jurisdiction and has attempted otherwise to reassert claims already determined jurisdictionally lacking, dismissal is appropriate prior to service of process.[3] Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice.

DONE this 20th day of August, 2003.

_____
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

---

[2](...continued)
the outcome of this litigation. Moreover, she has alleged no facts that would demonstrate she has suffered some injury as a result of the Coast Guard being under the jurisdiction of the Department of Transportation instead of the Department of the Defense. Because the plaintiff has failed to allege sufficient facts to invoke the jurisdiction of the court, the court concludes that it is without subject matter jurisdiction and the defendant's motion to dismiss is due to be granted.

On August 14, 2001, District Judge Ira DeMent adopted the Magistrate Judge's recommendation and dismissed the action.

[3]Opportunity to amend a complaint may be forestalled when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it could not withstand a motion to dismiss. *See Galindo v. ARI Mut. Ins. Co.*, 203 F.3d 771, 777 n. 10 (11th Cir.2000). Having twice asserted jurisdictionally defective claims predicated on the same dubious factual basis, the Court should not indulge Plaintiff in a third attempt to correct pleading deficiencies. Plaintiff's *pro se* status does not alter that reasoning. As the Eleventh Circuit explained in *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998), even though a court will show some leniency to a *pro se* plaintiff, "a court [does not have] license to serve as *de facto* counsel for a party ..., or to re-write an otherwise deficient pleading in order to sustain an action...." *See also McNeil v. U.S.*, 508 U.S. 106, 113 (1993)("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.")