IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOYCE MARIE POWE, A.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV1140-WKW |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Joyce Powe ["Powe"], a pro se plaintiff, has filed her third civil complaint in which she asserts the same allegations against a division or department of the United States and in which she seeks the same or similar relief. Upon consideration of the defendant's Motion to Dismiss, filed on 1 February 2006 (Doc. # 8), the disposition of the plaintiff's previous lawsuits in this court,[1] and pursuant to this court's equity power to police its caseload and preserve its resources, the Magistrate Judge concludes that this case should be dismissed and that Powe should be barred from filing future civil lawsuits unless she satisfies certain requirements, particularized in this Recommendation.

---

[1] ***Powe v. United States Department of Transportation***, Civil Action No 2:01CV566-ID and ***Powe, A.S. v. United States Department of the Navy***, Civil Action No. 2:03CV796-MEF.

## I. PROCEDURAL HISTORY

On 1 August 2003, Powe filed a civil complaint in this court against the United States Department of the Navy (Civil Action No. 2:03CV 796-MEF). She essentially alleged the following:

> The U.S. Department of The Navy, Defendant, Has Not Paid Myself, Ms. Joyce Marie Powe, A.S. Plaintiff, Regarding The U.S. Coast Guard, Including Offices, Employee, Etc., Is Not an U.S. Department of Defense Division, Office, Etc., (Plaintiff Owned an Oral Argument Ruling 9PARAGRAPH SIX), Within Which, Plaintiff Respectively Stated of Plaintiff and Each U.S. Citizens' Payments Due.
>
> MY, MS. JOYCE MARIE POWE, A.S., PLAINTIFF'S MOTION FOR OWNERSHIP OF RELIEF IN THE ALTERNATIVE. Because, I, Ms. Joyce Marie Powe, A.S., filed This U.S. District Court, Middle District of Alabama, Montgomery Alabama ... Complaint in PARAGRAPH ONE, Because The U.S. Coast Guard, Including Offices, Employees, Etc., Is Not An U.S. Department Defense Division, Office, Etc., Because, I, Ms. Joyce Marie Powe, A.S., Plaintiff, Owned an Oral Argument Ruling in U.S. District Court, Middle District of Alabama Civil Lawsuit Number 01-D-566-N, Within Which, Plaintiff Respectively Stated of Myself and Each U. S. Citizen Were Due Payments, I., MS. JOYCE MARIE, A.S., PLAINTIFF, MOTION REQUESTING OWNERSHIP OF (PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE: RULE 8(a)) RELIEF IN THE ALTERNATIVE U.S. NAVAL RESERVE ENLISTMENT:

Without conduction a hearing or any proceedings beyond the filing of the complaint, the Magistrate Judge found that Powe's 2003 complaint "relie[d] on the identical factual predicate rejected previously by this Court as jurisdictionally deficient in *Powe v. United States Department of Transportation*, Civil Action No. 01-D-566-N (M.D. Ala. Filed Sept.

19, 2001)". With respect to the earlier lawsuit, the court further stated:

> Dismissed for lack of subject matter jurisdiction, Plaintiff's lawsuit in 2001 sought damages for herself and all other citizens of the United States based on her assertion that the Department of Transportation illegally maintained a militia by operating the United States Coast Guard.

*Ibid.*, p. 6. The court ultimately adopted the Recommendation that the case be dismissed with prejudice on the ground that the court lacked federal subject matter jurisdiction and because Powe had "attempted otherwise to reassert claims already determined jurisdictionally lacking".

In paragraphs one and ten of the instant complaint, Powe makes allegations which are almost identical to charges made in the two previous lawsuits:[2]

> The United States of America, Department of Defense, Defendant has not paid monies to each United States Citizen regarding the U.S. Coast Guard, including Offices, Employees, etc., is not an United States Department of Defense Division, Department, etc. (Plaintiff owned an Oral Argument Ruling PARAGRAPH NINE), within which, Plaintiff repetitively stated of each U.S. Citizens' payments due).
>
> <u>Because</u> I, Ms. Joyce Marie Powe, A.S., Plaintiff, Filed this United States District Court, Middle District of Alabama, Montgomery, Alabama, Civil Lawsuit Number _____ (COMPLAINT IN PARAGRAPH ONE), <u>Because</u> the U.S. Coast Guard, including Offices, Employees, etc., is not an U.S. Department of Defense Division, Department, etc., <u>Because</u> I, Ms. Joyce Marie Powe, A.S.,

---

[2] The other paragraphs of her complaint make inconsequential allegations, such as her education; her filing of the two aforementioned lawsuits in this court; her filing of a previous lawsuit in state court; and a mere reference, without commentary, to the Antiterrorism and Effective Death Penalty Act of 1996 ["the AEDPA"].

> Plaintiff, owned an Oral Argument Ruling in U.S. District Court, Middle District of Alabama, Montgomery, Alabama, Civil Lawsuit Number 01-D-566-N, within which, Plaintiff repetitively stated of each U.S. Citizen due payments, <u>I Ms. Joyce Marie Powe, A.S., Plaintiff, Motion requesting a suing (demand) payment not exceeding $10,000.00 (pursuant to: U.S. Code, Title 28, Section 1346 (a) (2)), paid to each U.S. Adult Cizen aged 19 years or above 19 years old (Social Security defines a child as an individual under 19 years of age in U.S. Code, Title 42, Section 1397 (c)), United States Citizenship verified by the United States Federal Government's Department of State.</u>

In express reliance upon the two previous lawsuits filed in this district, the defendant has moved to dismiss Powe's current lawsuit.

## II.   DISCUSSION

Powe's complaint fails to comports with Rule 8(e), and it is otherwise deficient in stating any valid claims for which this court can provide relief.  The two previous rulings in this court buttress that conclusion, and Powe has presented no additional facts upon which to mount a cause of action against this defendant.  Although Powe barely escapes the procedural death knell that would have been imposed by the doctrine of collateral estoppel, she is nevertheless ensnared in the same jurisdictional quagmire that led to the two previous dismissals.

### A.   *Lack of Jurisdiction*

For the same reasons cited in the previous lawsuits, the court lacks jurisdiction to

address Powe's claims. Because the federal court is a court of limited of jurisdiction, **Kokkonen v. Guardian Life Ins. Co.**, 511 U.S. 375, 377 (1994), it is authorized to entertain only certain actions which the Constitution or Congress has authorized it to hear. *Id.*

Accordingly, this court must examine the complaint to determine whether the court has subject matter jurisdiction "at the earliest possible stage in the proceedings." **Univ. of South Ala. v. American Tobacco**, 168 F.3d 405, 410 (11th Cir.1999). "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* "It is to be presumed that a cause lies outside this limited jurisdiction, . . ., and the burden of establishing the contrary rests upon the party asserting jurisdiction, . . . ." **Kokkonen**, 511 U.S. at 377. "[O]nce a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." **Morrison v. Allstate Indem. Co.**, 228 F.3d 1255, 1261 (11th Cir.2000).

Because Powe has not even cited an applicable jurisdictional basis, and because identical claims have previously been dismissed on jurisdictional grounds, her instant claims should be dismissed with prejudice.

**B.    Res Judicata**

By contending that the instant lawsuit should be dismissed because the previous lawsuits were dismissed, the defendant essentially relies on the doctrine of *res judicata* for relief. Res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." **Ragsdale v. Rubbermaid, Inc.**, 193 F.3d 1235, 1238 (11th Cir.

5

1999).

> An action is barred by prior litigation if all of "the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."

***Schafler v. Indian Spring Maint. Ass'n***, 139 Fed. Appx 147, 150 (11th Cir. 2005); *see also* ***Agripost, Inc. v. Miami-Dade County***, 195 F.3d 1225, 1230 (11th Cir. 2003) .

However, Powe's two previous lawsuits were dismissed for lack of jurisdiction. It is "well-settled that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits that would give rise to a viable res judicata defense," ***Davila v. Delta Air Lines, Inc.***, 326 F.3d 1183, 1188 (11th Cir. 2003), cert. denied, 540 U.S. 1016 (2003). Thus, *res judicata* does not apply in this case, and the defendant's implied reliance on that principle is unavailing.

### C.    *Frivolous Claims*

Because she paid her filing fee, Powe's pro se claims are not subject to dismissal pursuant to 28 U.S.C. § 1915 (e). However, it is indisputable that this lawsuit is "frivolous", as that term is used in the statute. Powe has been advised, via final judgment, on two occasions by this very court that the allegations in her complaint fail to state a cause of action. Her third filing of the same allegations must be deemed frivolous, portending an utter waste of the defendant's and this court's valuable, but scarce, resources.

To date, three different Magistrate Judges and three different District Judges have addressed and otherwise spent valuable time on Powe's claims. While the court honors its role as an arbiter of civil disputes, it abhors litigants who ignore unchallenged rulings and return to the tribunal with unjustified, successive claims that have been repeatedly rejected. By filing the same claims - which are not only frivolous but straining to ordinary comprehension - Powe has drained the court's wellspring of tolerance, even for pro se litigants.

### III.  CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the court enter an order GRANTING the defendant's Motion to Dismiss, with prejudice, on the grounds that the court lacks jurisdiction and the complaint is frivolous.

Powe is approaching a status of vexatious, malicious litigant. Although the Magistrate Judge declines at this time to recommend that the court place restrictions upon her future filings or otherwise sanction her, the Clerk of the court would be prudent to notify the assigned judge before any future complaints filed by Powe are served upon named defendants. The cost of litigation includes not only the expenditure of court funds, but the expenditure - often needlessly - of defendants' funds. This court has a particular obligation to manage its caseload in a manner designed to minimize unnecessary costs, especially for public defendants such as the United States Department of Transportation.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before 16 February 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See* ***Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also* ***Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 2nd day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE